NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA GABRIELA CORONA, | No.   14-73798 |
| Petitioner, | Agency No. A077-969-803 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Martha Gabriela Corona, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for review.

We reject Corona's contentions that the IJ wrongly excluded evidence and exhibited bias. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (requiring error to prevail on a due process claim). We also reject Corona's contention that the BIA ignored record evidence, *see Larita-Martinez v. INS,* 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioners must overcome presumption that agency reviewed all evidence), and her contention that the BIA's review was inadequate.

We lack jurisdiction to consider Corona's claim that she established past persecution in Mexico and her claim for humanitarian asylum because she failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues in administrative proceedings below).

Substantial evidence supports the BIA's determination that Corona failed to establish a well-founded fear of future persecution in Mexico on account of a protected ground. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009)

14-73798

(petitioner failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009) (record did not compel a finding of a pattern or practice of persecution). Thus, Corona's asylum claim fails.

In this case, because Corona failed to establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of Corona's CAT claim because she failed to establish it is more likely than not she would be tortured by the Mexican government, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**